UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| VS. | :   3:00CR263(JCH) |
| JERMAIN BUCHANAN | :   JULY 19, 2005 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RE-SENTENCING**

The Defendant, Jermain Buchanan, hereby respectfully requests that he be re-sentenced in the above matter, as there are grounds upon which Your Honor might impose a non-trivially lesser sentence.

**Facts.**

The jury in this case found Mr. Buchanan guilty of three serious criminal offenses in the context of being a member, and acting on behalf or in furtherance of, a racketeering organization: 1.) attempting to kill Marquis Young and in so doing killing Derrick Owens; 2.) attempting to kill Rodrick Richardson; and 3.) drug distribution. On April 12, 2004, Mr. Buchanan was sentenced to a term of life in prison. At his sentencing, Mr. Buchanan's guideline calculations, after various enhancements, findings on applicable drug quantities, and grouping of offenses left him at an Offense Level of 45 with a Criminal History Category of VI. The mandatory sentencing guidelines in effect at the time of sentencing required Your Honor to sentence Mr. Buchanan to life in prison, absent a downward departure. At sentencing, Your Honor, based upon guideline jurisprudence declined to depart downward.

**Argument.**

Now that the sentencing guidelines are no longer mandatory, Mr. Buchanan respectfully requests that Your Honor hold a new sentencing hearing and consider whether to impose a sentence that is less than life in prison. Any sentence Your Honor might impose that is less than life in prison would be non-trivial. It is our view that Your Honor should impose a sentence of a term of years for the following reasons.

**1. The Marquis Young/Sean Burden connection.**

A sentence of life in prison in the federal system means natural life. There is no possibility of release. There is no possibility of parole. Mr. Buchanan will die in prison, and upon his death, his remains will be delivered to his next of kin by the Bureau of Prisons. Unlike the federal system, a sentence of life in prison in Connecticut is for a term of sixty (60) years. It is our view that a sentence of life in prison, without the possibility of release, should only be imposed based upon a conviction of a capital felony. Mr. Buchanan was not charged with or convicted of a capital felony. He was convicted of a murder and two attempted murders. Although the murder may have been legally premeditated under the guidelines, it was provoked by Marquis Young. Moreover, Rodrick Richardson provoked Mr. Buchanan into shooting him.

Mr. Buchanan was not charged with murder in the first degree under 18 U.S.C. section 1111. Even if he had been charged and convicted of murder in the first degree under 18 U.S.C. section 1111, a life sentence would not be appropriate because the definition of first degree murder under 18 U.S.C. section 1111 does not take into account provocation. Mr. Buchanan was charged with murder and attempted murder pursuant to the Connecticut General Statutes as they are incorporated into the RICO statute. The

2

murder statutes in Connecticut do not distinguish between first and second degree murder. As noted above, murder under Connecticut law carries a maximum sentence of life in prison which amounts to a sentence of a term of 60 years.

At sentencing, Your Honor applied the 2000 Sentencing Guidelines and Mr. Buchanan sought a downward departure under U.S.S.G. section 5K2.10. The arguments supporting Mr. Buchanan's request for a downward departure under 5K2.10 that were presented to Your Honor at sentencing can be summarized.

Prior to the Sean Burden murder, Marquis Young, Jermain Buchanan, and Kelvin Burden were on friendly terms. Peter Diaz was a drug associate of Marquis Young. Unfortunately, following the beating of a member of the Burden family, Marquis Young provided a gun that Peter Diaz used to kill Sean Burden. Sean Burden and Jermain Buchanan were family and very close. Kelvin Burden and Jermain Buchanan held Marquis Young responsible for Sean Burden's murder. As a result of Marquis Young's actions, Kelvin Burden and Jermain Buchanan planned on killing Marquis Young. In response, Marquis Young threatened the lives of both Kelvin Burden and Jermain Buchanan. During the time frame of threats, etc., Derrick Owens became a drug associate of Marquis Young. Ultimately, Jermain Buchanan killed Derrick Owens and seriously wounded Marquis Young to avenge the death of Sean Burden. Mr. Buchanan's actions were retaliatory, constituted familial revenge, and eliminated Marquis Young whose past history showed clearly that he would have killed Mr. Buchanan first if he had had the chance. Mr. Buchanan maintains that his actions in killing Derrick Owens and injuring Marquis Young were not related to the distribution of narcotics.

Mr. Buchanan argued at sentencing that Your Honor should depart downward based upon the provocative and threatening actions of Marquis Young, i.e, the fact of his involvement in the murder of Sean Burden and the death threats he made to Kelvin Burden and Jermain Buchanan after the death of Sean Burden. Based upon the mandatory guidelines, and the case law developed concerning 5K2.10, Your Honor declined to depart. Now, Your Honor has the ability to take the whole Marquis Young/Sean Burden relationship into account in fashioning a sentence.

**The Rodrick Richardson/Sean Burden connection.**

On January 21, 1998, Rodrick Richardson and Shaki Sumpter tried to kill Jermain Buchanan, Sean Burden, Willie Prezzie and Demetrius Story. Sean Burden was wounded. Thereafter, in May of 1998, Sean Burden was killed by Peter Diaz. A year later, in the summer of 1999, Rodrick Richardson taunted Kelvin Burden in particular and the Burden family in general with the fact that nobody had done anything to Marquis Young to avenge Sean Burden's death. This, from a man who shot Sean Burden himself and tried to kill Jermain Buchanan. Soon after the taunt, Jermain Buchanan shot Rodrick Richardson in the arm one time from very close range. Again, Your Honor now has the authority to take into consideration Rodrick Richardson's provocative acts in imposing a new sentence.

**Drug quantities.**

At the sentencing hearing, Your Honor found that Jermain Buchanan was personally responsible as a street level dealer for 500 grams + of crack cocaine. (Transcript of sentencing of April 12, 2004 p. 85). However, under U.S.S.G. section 1B1.3(a)(1)(B), and guideline case law, Your Honor sentenced Mr. Buchanan as if he

4

was personally responsible for over 1.5 kilos of crack cocaine. Your Honor is no longer bound by the relevant conduct provisions of the guidelines.

For the foregoing reasons, Mr. Buchanan respectfully requests that he be re-sentenced. As his current sentence is natural life, any lesser sentence would be non-trivial. At a re-sentencing, Your Honor will not be bound by the guidelines that, at the original sentencing, mandated the life sentence imposed.

Respectfully submitted,

By_____
William T. Koch, Jr. Fed Bar ct#04781
151 Brush Hill Road
Lyme, CT 06371
(860) 434-3060/ Fax (860) 434-9483
e-mail wmtkochjr@aol.com

### CERTIFICATION OF SERVICE

I certify that I mailed a copy of the within to the following on July 19, 2005:

Office of the U.S. Attorney
ATT: Bob Appleton's/ Brian Spears' successor
U.S. Courthouse
915 Lafayette Blvd.
Bridgeport, CT 06604

Jeremiah Donovan, Esq.
PO Box 554
Old Saybrook, CT 06475

By_____ _____
         William T. Koch, Jr.

5