UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL NO. |
| v. | : | 3-00-cr-263 (JCH) |
| | : | |
| JERMAIN BUCHANAN | : | JANUARY 19, 2006 |

### RULING RE:  RESENTENCING [DKT. NO. 1742]

By Order filed April 29, 2005 [Dkt. No. 1728], the Second Circuit remanded this

case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d

103 (2d Cir. 2005).  The Crosby decision requires this court to consider whether it

would have imposed "a materially different sentence, under the circumstances existing

at the time of the original sentence, if [it] had discharged [its] obligations under the Post-

Booker/Fanfan regime, and counsel had availed themselves of their new opportunities

to present relevant considerations, . . ."  .  Id. at 117.  Thus, if this court would have

imposed essentially the same sentence, even while treating the Sentencing Guidelines

as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the

factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the

prior use of mandatory Sentencing Guidelines would be harmless.  However, if this

court determines that, treating the Guidelines as advisory and considering all of the

factors under § 3553(a), it would have imposed a non-trivially different sentence then

that originally imposed, then the court must schedule a full re-sentencing under Rule 32

of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on June 21, 2005 [Dkt. No.

1732], that the parties file written submissions on the question of whether this court

would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a).  In response to that Order, the government and the defendant each filed a Memorandum, (see Dkt. Nos. 1743 and 1742).

The court is familiar with the Booker and Crosby decisions.  In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there.  Further, the court has reviewed the Pre-Sentence Report, the lengthy sentencing transcript, and the two memorandums submitted post-remand.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

Jermain Buchanan was originally sentenced to life imprisonment upon his conviction by a jury of racketeering, racketeering conspiracy, VCAR conspiracy to murder Roderick Richardson on June 27, 1999, and a conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base.  The court concludes that a re-sentencing is not called for.  In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Buchanan to the same sentence it did, life imprisonment.  The court does so for primarily the reasons that were articulated at the original sentencing.  See Sentencing Transcript (4/12/04).

The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of life imprisonment.  While considering all of the §3553(a) factors, the court is particularly informed in this case by the need to protect the public and for deterrence.  Jermain Buchanan is

- 2 -

responsible for the murder of an innocent man, the crippling (paraplegia) of another, and the attempted murder of a third person.  While a street dealer, he played a critical part -- enforcer -- in a large volume, long-standing drug conspiracy.  He has an extensive criminal history, primarily of assaultive conduct with a gun, beatings, and assault on a police officer.  The sentence reflects the serious and violent circumstances of his offense, and particularly the need to promote respect for the law, to deter, and to protect the public.

After consideration of all of the §3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the pre-sentence report, and the recently filed Memoranda, it is this court's conclusion that there is no reason to order a re-sentencing in this case because, if one were ordered, the sentence would be the same of that previously imposed.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of January, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge