UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:00-CR-263 (JCH) |
| | : | |
| JERMAINE BUCHANAN, | : | DECEMBER 7, 2010 |
| Defendant. | : | |

**RULING RE: RESENTENCING [Doc. No. 2058]**

By Order filed in the Second Circuit Court of Appeals on March 31, 2010 and docketed in this court on September 7, 2010 (Doc. No. 2058), the Court of Appeals remanded to this court for further proceedings in conformity with United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). Under Regalado, "when the sentencing of a defendant for a crack cocaine offense occurred before Kimbrough," and the "defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), [the Court of Appeals] will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives." Id. at 148-49. If the court determines that it would have imposed a non-Guidelines sentence, then "the court should vacate the original sentence and resentence the defendant." Id. at 149. Otherwise, "the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision." Id. at 148-49.

Because Jermaine Buchanan was sentenced before the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), the Second Circuit could not "tell whether the district court would have exercised its now clear discretion to

mitigate the sentencing range produced by the 100-to-1 ratio [between the treatment of crack and powder cocaine offenses]." Regalado, 518 F.3d at 149. Accordingly, the Second Circuit remanded to provide this court with an opportunity to indicate whether it would have imposed a non-Guidelines sentence. United States v. Burden, 600 F.3d 204, 231 (2d Cir. 2010).

In response to the Remand Order, the court preliminarily scheduled resentencing for Mr. Buchanan for December 14, 2010. On October 21, 2010 the court also ordered the parties to file written submissions on whether Buchanan was eligible for resentencing pursuant to Regalado, given his status as a career offender. In response to that Order, the government and the defendant each submitted a "Memorandum in Aid of Regalado Proceedings on Remand." See Doc. Nos. 2075, 2079.

I. **WHETHER RESENTENCING IS PERMITTED**

In its memorandum, the government argued that Mr. Buchanan is ineligible for Regalado resentencing (1) because he was sentenced as a career offender, and (2) because his original guideline range was determined by his conviction for crimes of violence, not his conviction for a crack cocaine offense. The government relies principally on United States v. Ogman, 535 F.3d 108 (2d Cir. 2008), for the proposition that a defendant sentenced as a career offender is not entitled to a limited remand pursuant to Regalado. In Ogman, the Second Circuit "clarif[ied] that where . . . a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack to powder ratio that it incorporates, the sentence does not present the type of

error for which remand in accordance with Regalado is appropriate." Ogman, 535 F.3d at 111.

In Ogman, the Second Circuit decided whether Regalado *required* the Second Circuit to remand the case of a career offender defendant for resentencing. The Second Circuit concluded that career offenders were not entitled to remand, but it did not address whether remand was permissible. In the case of Mr. Buchanan, the court assumes that the Second Circuit was familiar with its own decisions in Regalado and Ogman when it ordered the remand for Mr. Buchanan. The Second Circuit elected to remand "to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve [the] objectives [of sentencing under 18 U.S.C. § 3553(a)]." United States v. Burden, 600 F.3d 204, 231 (2d Cir. 2010) (citing United States v. Regalado, 518 F.3d 143, 149 (2d Cir.2008) (per curiam)). The court declines to endorse the government's position that the Court of Appeals remanded the case in error. Pursuant to the Mandate from the Court of Appeals, the court now addresses whether it would have imposed a non-Guidelines sentence on Mr. Buchanan.

## II. WHETHER THE COURT WOULD HAVE IMPOSED A DIFFERENT SENTENCE

The court is familiar with the Kimbrough and Regalado decisions. In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there. Further, the court has reviewed the Pre-Sentence Report, the court's 2006 Ruling declining to resentence Buchanan following a post-Crosby remand (Doc. No. 1771), and the two Memoranda submitted subsequent to the most

recent remand.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. § 3553(a).

Jermaine Buchanan was originally sentenced to life imprisonment upon his conviction by a jury of racketeering, racketeering conspiracy, VCAR conspiracy to murder Roderick Richardson on June 27, 1999, VCAR attempted murder of Roderick Richardson, and a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base.  The court concludes that a resentencing is not warranted.  In other words, had it known at the time of sentencing that it had the authority to impose a non-Guidelines sentence in order to mitigate the sentencing range produced by the 100-to-1 ratio between the treatment of crack and powder cocaine offenses, it would have sentenced Mr. Buchanan to the same sentence: life imprisonment.

The court does so for primarily the reasons that were articulated at the original sentencing.  See, e.g., Sentencing Tr. 4/12/04, at 107, Doc. No. 1662 ("[W]e have a victim her[e], the murder victim, who – a victim that causes the [offense] level 43 to be triggered here. A level that obviously drives the guideline range.").[1]  The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of life imprisonment.  While considering all of the section 3553(a) factors, the court is particularly informed in this case by the need to protect the public and for deterrence.  Jermaine Buchanan is responsible for the murder of an innocent man, the crippling (paraplegia) of another, and the attempted murder of a third person.  While a street dealer, he played a critical part – enforcer – in a large

---

[1] There were five counts of conviction, requiring Guideline calculations pursuant to U.S.S.G. § 4B1.1. The VCAR murder count resulted in an offense level of 43, the highest of the five counts.

volume, long-standing drug conspiracy. He has an extensive criminal history, primarily of assaultive conduct with a gun, beatings, and assault on a police officer. The sentence reflects the serious and violent circumstances of his offense, and particularly the need to promote respect for the law, to deter, and to protect the public. The court's original sentencing decision was driven essentially by the VCAR murder, attempted murder, and serious assault. That this conduct took place in the context of a long-standing and substantial drug dealing conspiracy was significant, but the type of drug (crack) did not enter into the court's assessment of the violent activity.

After consideration of all of the section 3553(a) factors, with the knowledge that the court has discretion to account for the Guidelines' disparate treatment of crack and powder cocaine offenses, it is this court's conclusion that there is no reason to proceed with a resentencing in this case because the court would impose the same sentence it imposed previously.

**SO ORDERED.**

Dated at Bridgeport, this 7th day of December, 2010.

　　　　　　　　　　　　　　　　 /s/ Janet C. Hall　　　　　　　
　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　United States District Judge